UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHELLE CRAWFORD,

    Plaintiff,

v.                                  Case No. 8:19-cv-3086-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision is affirmed.

I.

The plaintiff, who was twenty-nine years old at the time of the administrative hearing and who has a high school education with one semester of college (Tr. 203–04), has no past relevant work (Tr. 237). She filed a claim for supplemental security income payments, alleging that she became disabled

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 4).

due to anxiety, colitis and migraines (Tr. 372). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "obesity, irritable bowel syndrome/colitis, carpal tunnel syndrome, anxiety disorder and depressive disorder" (Tr. 178). The law judge determined that as a result of those impairments, the plaintiff had the following functional limitations (Tr. 182):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except such an[] individual can occasionally lift or carry 20 pounds, can frequently lift or carry 10 pounds. Can sit for a period of six hours, stand for a period of six hours and walk for a period of six hours. Push/pull as much as they could lift or carry. Manipulative limitations would include frequent bilateral handling and fingering. Postural limitations would include occasionally climbing ramps and stairs, never climbing ladders, ropes or scaffolds, can occasionally crouch and occasionally crawl. Environmental limitations would include frequent exposure to unprotected heights, moving mechanical parts, humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold and extreme heat. Mental limitations would include limited to performing simple and routine tasks; could have frequent contact with supervisors and coworkers and occasional contact with the general public. Would be limited to simple work related decisions and would also be able to maintain attention, concentration, persistence and pace in two

2

hour increments throughout an eight hour day with normal work breaks.

Despite these limitations, based on the testimony of a vocational expert, the law judge concluded that a significant number of jobs existed in the national economy that the plaintiff could perform, such as advertising material distributor, car wash attendant, and housekeeping/cleaner (Tr. 187). Accordingly, the law judge decided that the plaintiff was not disabled.

The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts that the Commissioner erred in two respects: (1) The law judge failed to consider one aspect of an opinion by Dr. Robert Fields, a non-examining reviewing physician; and (2) "The Appeals Council erred in failing to find that evidence submitted to it after the Administrative Law Judge decision was material, new, and that there was a reasonable probability it would have altered the administrative law judge decision" (Doc. 22, pp. 2, 6, 7). Neither contention has merit.

A. On September 22, 2016, Dr. Robert Fields expressed an opinion concerning the plaintiff's functional limitations as of the alleged onset date of June 1, 2016, based on a review of the medical records (Tr. 251–53). The plaintiff suggests that the law judge did not comply with the requirement that she state with particularity the weight given to medical opinions (Doc. 22, p. 7). That suggestion is baseless. The law judge expressly stated that she gave "minimal weight" to Dr. Fields' assessment (Tr. 186). That statement

5

covered all of Dr. Fields' assessment. Thus, the law judge disagreed with Dr. Fields concerning the plaintiff's ability to lift and carry, climb ropes, ladders and scaffolds, perform manipulative functions, and be exposed to environmental limitations (compare Tr. 182 with Tr. 252–53). On all those matters the law judge determined that the plaintiff had greater limitations than Dr. Fields opined. Accordingly, she gave Dr. Fields' assessment "minimal weight."

Nonetheless, the plaintiff complains that the law judge did not specifically comment on Dr. Fields' assessment that the plaintiff could stand and/or walk a total of four hours in an eight-hour day (Tr. 252). The law judge, however, implicitly rejected that assessment since she found that the plaintiff could stand and/or walk for six hours in an eight-hour day (Tr. 182). The law judge's determination to give minimal weight to Dr. Fields' assessment clearly applies to his opinion regarding standing and walking: The law judge simply was not buying what Dr. Fields was selling.

Significantly, the plaintiff does not argue that the law judge's finding regarding standing and walking was not supported by substantial evidence. In light of the Scheduling Order and Memorandum Requirements, any such argument is forfeited (Doc. 15, p. 2).

6

The plaintiff's argument at most is that the decision had a procedural flaw since the law judge did not comment on Dr. Fields' assessment of the plaintiff's ability to stand and walk. However, as the Commissioner points out, this was not a flaw at all. Thus, it is well-established that the law judge does not have to comment on every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). That principle applies here. Newberry v. Commissioner, Social Security Administration, 572 Fed. Appx. 671, 672 (11th Cir. 2014). For these reasons, the law judge did not err in her consideration of Dr. Fields' assessments.

B. The plaintiff's second argument relates to evidence submitted to the Appeals Council regarding her carpal tunnel syndrome. Notably, the law judge found that the plaintiff's carpal tunnel syndrome was a severe impairment (Tr. 178). Accordingly, the law judge included manipulative limitations in her residual functional capacity.

After the law judge's decision on December 5, 2018, the plaintiff's wrist problem recurred. The plaintiff contends that, in light of that new evidence, the Appeals Council should have granted review and returned the case to the law judge.

The regulations provide (20 C.F.R. 416.1470(a)(5)):

The Appeals Council will review a case if –

> ... the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence will change the outcome of the decision.

The Appeals Council in its Notice of Action denying review acknowledged that it had received, among other medical (non-pertinent) evidence, records from Dr. Alfred Hess dated July 12, 2019, and August 23, 2019 (Tr. 2). Dr. Hess is the doctor who treated the plaintiff's wrist condition. The Appeals Council stated (id.):

> The Administrative Law Judge decided your case through December 5, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled on or before December 5, 2018.

Thus, the Appeals Council denied review because the evidence did not meet the requirement of the regulation that the evidence "relate[] to the period on or before the date of the hearing decision."

Importantly, the plaintiff does not challenge the determination by the Appeals Council that the evidence from Dr. Hess does not relate to on, or before, December 5, 2018. Consequently, under the Scheduling Order and Memorandum Requirements, any such contention is forfeited (Doc. 15, p. 2).

Moreover, any argument that the new evidence related back to on, or before, December 5, 2018, would be baseless. The records from Dr. Hess

8

stated: "Bilateral carpal tunnel syndrome - Onset: 04/06/2019" (Tr. 27). That date is five months after the law judge's decision. Therefore, the Appeals Council clearly did not err because "the evidence does not relate to the period at issue" (Tr. 2).

It is noted that the plaintiff stated that "[i]t appears that the claimant had right carpal tunnel surgery on January 1, 2019" (Doc. 22, p. 8). That assertion is implausible on its face since such surgery would not be an emergency requiring surgery on New Year's Day. Moreover, a review of that entry reflects that the date is just a placeholder since several items have that date listed as the date of surgery, including a tonsillectomy (Tr. 27).

For these reasons, the plaintiff has failed to show that the Appeals Council erred when it denied review.

It is, therefore, upon consideration,

**ORDERED**:

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 9th day of December, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

10